UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS EWING, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF THE INTERIOR, )<br>)<br>Defendant. )<br>) | No. 15 cv 1014 EJM<br><br>ORDER |

This matter is before the court on defendant United States' resisted Motion to Dismiss, filed October 30, 2015. Granted.

Plaintiff, a former employee of the Department of the Interior, contests her dismissal under the Age Discrimination in Employment Act, 29 U.S.C. §623 et seq. (ADEA.) Jurisdiction under 28 U.S.C. §1331.

In a motion to dismiss under F.R.C.P. 12(b)(6), the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences…in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

Under the ADEA, a federal employee may (1) file directly in federal court if she complies with the time limits, or (2) use the administrative process. 29 U.S.C. §633a(d). Here, both sides agree plaintiff attempted to use the administrative process.

1

29 U.S.C. §633a(b)(3) provides that when using the administrative process, an aggrieved federal employee must "(1) consult with a counselor at the relevant agency's Equal Employment Office within 45 days of the alleged discriminatory act, see 29 CFR §1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint (EEO Complaint) within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint, see id. §1614.106(a), (b)." Failure to comply with the 15 days requirement is grounds for the EEO to dismiss the complaint without a hearing under §1614.107(a)(2).

Defendant claims that plaintiff failed to timely file her EEO Complaint and thus failed to exhaust administrative remedies, and that therefore her claim must be dismissed. Plaintiff's attorney was issued a Notice of Final Interview (NOFI) on June 19, 2014, and again on July 24, 2014. (Exhibits 1,1B to Def.'s Motion) The NOFI allowed 15 days to file a complaint. Plaintiff's complaint was received by the agency on August 20, 2014, 61 days after the June 19, 2014, NOFI and 26 days after the July 24, 2014, NOFI. (Exhibit 1, 1C)

Plaintiff does not dispute these facts, but claims that although her attorney received a June 19, 2014 letter from the Agency, the NOFI was not attached or included. Plaintiff's attorney claims to have received the NOFI "on or about July 18, 2014." (Carroll Decl. para. 13; Wooten Decl. para. 15.) Plaintiff's attorney also admits that he receive another NOFI on July 24, 2014. (Carroll Decl. para. 17; Wooten Decl. para. 17)

2

Even accepting plaintiff's version of these facts, she did not act within the required 15 days of receiving either of the two NOFI's. Plaintiff lastly further resists the motion by alleging that any delay was cured by equitable tolling resulting from the agency's misleading communications and her and her attorney's confusion, citing Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994). There is no allegation of misleading communication from the Agency other than the alleged failure to include the NOFI in the June 19, 2014 letter, which both sides agree was cured by July 18, 2014 and then again on July 24, 2014, both dates being more than 15 days before she in fact filed her EEO Complaint.

Equitable tolling saves a time-defaulted claim where (1) a plaintiff "has been pursuing h[er] rights diligently, and (2) some extraordinary circumstance stood in [her] way" and prevented timely filing. Walker v. Norris, 436 F.3d 1026 (8th Cir, 2006); Holland v. Florida, 560 U.S. 631, 634 (2010.) Here, even accepting plaintiff's version of the facts, neither of these two elements are made out.

Plaintiff failed to timely file her EEO Complaint, and thus is defaulted. Pace v. DiGugliemo, 544 U.S. 408, 418 (2005.)

It is therefore

ORDERED

Granted. Dismissed.

December 23, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3